UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------
ERIC RODRIGUEZ,

       Plaintiff,

  -against-

3551 REALTY COMPANY, *et al.*,

       Defendants.
-------------------------------------------

17cv6553

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

  Eric Rodriguez brings this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against 3551 Realty Company, Milton Gordon Management Corporation, and their CEO ("Defendants") alleging minimum wage violations, failure to pay overtime and spread-of-hours pay, illegal deductions, and retaliation. After the parties reached a settlement, Rodriguez filed a Rule 41(a) notice dismissing this action with prejudice. For the following reasons, this Court declines to grant his request for dismissal.

## BACKGROUND

  From July 2008 to July 2017, Rodriguez was the superintendent of Defendants' apartment building located at 3551 DeKalb Avenue, Bronx, New York. His job entailed cleaning, making repairs, accepting deliveries, and maintaining vacant units. According to the Complaint, Defendants regularly failed to pay Rodriguez minimum wage and overtime, required him to buy his own tools and work phone, and failed to keep accurate records of Rodriguez's hours or provide him with wage notices. Specifically, Rodriguez claims that he worked "between seventy (70) and ninety (90) hours per week," but was not paid the required time and a

half for these extra hours.  (Complaint, ECF No. 1 at 6.)  Additionally, Rodriguez alleges that Defendants' CEO retaliated against him after he complained about his pay.

As often occurs in FLSA cases, the parties settled quickly—only six weeks after the Complaint was filed.  On October 11, 2017, Rodriguez filed a notice of voluntary dismissal with prejudice.  (ECF No. 11.)  Because it was with prejudice, this Court ordered the parties to submit their settlement agreement and Rodriguez's counsel's billing records.  (Order, ECF No. 13.)  See Cheeks v. Freeport Pancake House, 796 F.3d 199, 206 (2d Cir. 2015) ("[D]ismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

DISCUSSION

In Olano v. Designs by RJR, Ltd., this Court identified a laundry list of FLSA settlement provisions that run afoul of Cheeks.  See Olano, 2017 WL 4460771 (S.D.N.Y. Oct. 6, 2017) (noting that the parties' "Settlement Agreement . . . compile[d] a 'greatest hits' of various provisions that have been struck down or questioned by various courts in this Circuit"); Alison Frankel, Don't even bother trying to hide wage-and-hour settlements before this N.Y. judge, REUTERS (Oct. 13, 2017), https://www.reuters.com/article/us-otc-flsa/dont-even-bother-trying-to-hide-wage-and-hour-settlements-before-this-n-y-judge-idUSKBN1CI2LY.

Rodriguez's submission could be "Volume 2" of the greatest hits of invalid FLSA settlement provisions.  First, the sweeping general release includes claims arising under the National Labor Relations Act, Title VII, and the Americans with Disabilities Act, among others.  But "an employer is not entitled to use a FLSA claim . . . to leverage a release from liability unconnected to the FLSA."  Thallapaka v. Sheridan Hotel Assoc., 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (internal citation and alterations omitted).

2

This is especially troubling given that Rodriguez agrees to withdraw a retaliation charge with the National Labor Relations Board in connection with this settlement. (Settlement § 12.2.) The parties try to circumvent this issue by providing in their settlement agreement that Rodriguez is entitled to file claims under these statutes, but surrenders any entitlement to relief. (Settlement § 10.2.) However, "a right without a remedy has no substance." Piccard v. Sperry Corp., 36 F. Supp. 1006, 1010 (S.D.N.Y. 1941). This Court will not green-light such a provision.

Second, Rodriguez agrees to keep this settlement strictly confidential. (Settlement § 19.) Courts have held that such a provision "thwart[s] Congress's intent to ensure widespread compliance with [FLSA]." Camacho v. Ess-A-Bagel, Inc., 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (internal alteration and citation omitted). It "impedes . . . the goa[l] of the FLSA—to ensure that all workers are aware of their rights." Guareno v. Vincent Perito, Inc., 2014 WL 4953746, at *1 (S.D.N.Y. Sep. 26, 2014). Similarly, the parties' non-disparagement provision (Settlement § 18) should contain a "carve-out for truthful statements about plaintiffs' experience litigating [his] case." See Larrea v. FPC Coffees Realty Co., Inc., 2017 WL 1857246, at *4 (S.D.N.Y. May 5, 2017) (internal citation omitted).

The parties implicitly acknowledge that these provisions violate FLSA, as the Settlement explains the "general release and confidentiality provision(s)" have been negotiated for Plaintiff's other claims, "separate and apart" from the FLSA claims. (Settlement § 10.3.) But the parties have presented a single settlement agreement and expect this Court to simply accept this unadorned statement.

Third, "[b]efore a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the bona fides of the dispute. . . . The

employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." Guareno, 2014 WL 4953746, at *1 (internal citation and alterations omitted); see also Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (listing considerations for this inquiry).

The parties have not done this. Their assertion that Rodriguez himself finds the settlement "fair and reasonable" is insufficient. (Settlement § 11.) Rodriguez "does not provide an estimate of the wages he is owed, making it impossible to determine if the settlement is reasonable." Guareno, 2014 WL 4953746, at *1.

Finally, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Thallapaka, 2015 WL 5148867, at *2 (internal citation omitted). Here, Rodriguez's counsel and Rodriguez agreed to a 1/3 contingency fee arrangement, and the Settlement therefore grants counsel $50,300 out of a total $150,000 settlement. (Settlement § 7.)

"[A] court may calculate a reasonable attorney's fee either by determining the so-called 'lodestar' amount or by awarding a percentage of the settlement." Flores, 2016 WL 386042, at *2. There is "[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee.'" Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). "Under the lodestar method, the court must determine the . . . product of a reasonable hourly rate and the reasonable number of hours required by the case." Flores, 2016 WL 386042, at *2 (internal citation and alterations omitted). Courts consider "the prevailing market rate for lawyers in the district in which the ruling court sits" and "may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with

the rates if no such evidence is submitted." Garcia v. Bad Horse Pizza, Inc., 2017 WL 192955, at *5 (S.D.N.Y. Jan. 18, 2017).

"Courts in this circuit have previously determined that rates of $400 per hour for partners and $250 per hour for associates are reasonable in FLSA cases." Garcia, 2017 WL 192955, at *6. Counsel's time sheets reveal billing rates of $450 for partners and $350 for associates. While these rates are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale. The total hours billed, plus expenses, amounts to $23,881.56.

But counsel seeks a contingency fee of more than $50,000, which is over 2.1 times their fees and expenses in a straightforward case that lasted only six weeks and mainly entailed filing a complaint and negotiating a settlement. See Mendoza v. AZK Restaurant, Inc., 2017 WL 946330, at *2 (S.D.N.Y. Feb. 22, 2017) (declining to increase a lodestar for a case with a single plaintiff and no "complex or novel issues").

Accordingly, counsel's fee award should be reduced to $23,881.56, plus any additional reasonable fees incurred in complying with this Court's Orders. The balance should be remitted to Rodriguez as part of the settlement. See Flores, 2016 WL 386042, at *4.

## CONCLUSION

For the foregoing reasons, this Court declines to approve the notice of dismissal of this FLSA action. The parties are directed to submit a settlement agreement consistent with this Opinion & Order by November 15, 2017.

SO ORDERED:

Dated: November 2, 2017
      New York, New York

_____
WILLIAM H. PAULEY III
U.S.D.J.